813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Geraldine BOSTON, Appellant,
v.
Margaret HECKLER, Secretary, Department of Health and Human
Services, Appellee.
 No. 85-1989.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1986.
Decided Sept. 18, 1986.
 
 Before MURNAGHAN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Peter M.D. Martin (Victoria R. Robinson; Dennis W. Carroll; Administrative Law Center Legal Aid Bureau, Inc., on brief), for appellant.
 Donald H. Romano (Office of General Counsel, Social Security Division, Department of Health and Human Services; Catherine C. Blake, United States Attorney; Richard K. Willard, Assistant Attorney General, on brief), for appellee.
 PER CURIAM.
 
 
 1
 Geraldine Boston appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services (HHS) to deny disability benefits. Boston argues that the ALJ should not have applied the "grid" regulations, 20 C.F.R. Part 404, Subpart P, App. 2 (1985), to her case. The district court rejected this contention. We affirm.
 
 
 2
 Boston contends that she suffers from low intelligence, "mild dementia," and "hysteria." After the ALJ reviewed the medical evidence and heard testimony, he determined that Boston's mental condition did not prohibit her from performing the full range of sedentary work. In an opinion which was commendably detailed, the ALJ explained his resolution of this issue:
 
 
 3
 Although nervousness was observed, there is nothing to suggest a psychotic difficulty or personality problems. The claimant's alleged seizure disorder and hypertension are controlled with medication. There is no evidence of any additional significant impairments. Certainly, the claimant has no condition that would prohibit her from performing sedentary work. (Tr. at 18).
 
 
 4
 If these findings are supported by substantial evidence, they are conclusive. See 42 U.S.C. Sec. 405(g). The district court determined that the findings of the Administrative Law Judge, as affirmed by the Secretary, were supported by substantial evidence. After reviewing the record, we believe that the district court was correct.
 
 
 5
 Because Boston was found to be capable of performing substantial gainful activity, the Secretary did not err in resorting to the grid regulations to determine Boston's eligibility for benefits. See Smith v. Schweiker, 719 F.2d 723 (4th Cir.1984). Hence, the decision of the district court is
 
 
 6
 AFFIRMED.